Bybee *v.* Burbank.

---

JAMES F. BYBEE, and T. B. YOUNG, Respondents, *v.* THOMAS L. BURBANK, Appellant.

### *Appeal from Multnomah County.*

1. Money was deposited with a stakeholder, conditioned that if the horse "A" should win, the money should be paid to respondents; and if the horse "B" should win, then it was to be paid to another party. The issue between answer and replication was, did the horse B win?—*Held*, that a finding, under the pleadings, by a jury was equivalent to a finding that neither horse won; and either party could withdraw their money from the stakeholder.

2. Presumptions of proper findings of fact arising from verdict.

THIS is an action to recover money, claimed to have been deposited with defendant by the plaintiffs, a part in gold coin, and the remainder in legal tender notes. The answer alleges that the money sued for, to wit, $290 in gold coin and $10 in legal tenders, was deposited with defendant by the plaintiffs as their part of a certain wager of $580 in coin and $20 in legal tender notes; which plaintiffs on the one side, and Jones & Kirk on the other, one-half by each

party, had bet on a certain horse race, to be run on the 4th day of July, 1868, between two horses named Yellow Jacket and Young's horse.

It was stipulated between said parties that, if Yellow Jacket should beat in the race, the said wager was to be delivered by defendant to Jones & Kirk; but if Young's horse should beat, then it was to be delivered to plaintiffs. The answer alleges that Yellow Jacket did beat Young's horse in the race, and that defendant then paid the wager to Jones & Kirk.

The replication denies:

1st. That Yellow Jacket beat Young's horse in the race.

2d. That defendant paid the money to Jones & Kirk.

On these issues there was a trial by a jury, and a verdict for the plaintiff for $290 in coin and $10 in legal tender notes.

It is alleged as error:

1st. That the court below refused to arrest the judgment on the verdict.

2d. That the court rendered judgment against defendant, and in favor of plaintiffs.

*D. Logan, Esq.:*

If a wager is legal neither party can rescind the agreement, or recover back the money until the wager is determined. (2 *Parsons on Cont.*, 139, 261; 21 *Ill.*, 244.)

After the event the plaintiff, in order to recover, must make a clear case of his right to the money to enable him to recover in an action at law; that is, must show that he is the winner in the race.

After a legal wager is determined, the money must be paid to the winner, and the loser cannot recover his stake. (16 *Ohio*, 54; 2 *Smith L. Cs.*, 305.)

*Stout & Thayer*, for respondents:

The plaintiffs had a right to demand their money at any time before it was actually paid over to Jones & Kirk, even if they had won it, in pursuance of the agreement in the

Bybee *v.* Burbank.

answer, for the agreement was illegal. (2 *Parson's Cont.*, 139, 201, *note; 4 Barb.*, 524; 4 *Johns.*, 442.)

The allegations in the pleadings, taken together, are consistent with this finding of facts:

1st. That the money was deposited with defendant upon a wager under the agreement in the answer.

2d. That the race was run.

3d. That Jones & Kirk's horse did not beat in the race; that allegation being denied in the replication.

4th. That defendant undertook, when the money was deposited with him, to deliver it to the plaintiffs on demand.

5th. That demand had been made while the money was in his hands, and that he had refused to deliver it.

BOISE, J. It is urged by the appellant that if the jury found that Yellow Jacket did not beat Young's horse, it would not be a finding, under this issue, that Young's horse won the race, for it is not so alleged in plaintiffs' replication; and, therefore, it would be an even race, which would be still undetermined and undecided, and that the money could not be recovered of the stakeholder while the bet was pending.

Conceding, for this argument, that wagers are legal and binding contracts, these parties, as the pleadings show, agreed to run this race on the 4th of July, 1868, and that the winning party should have the wager; and it appears that the race was run. If the race was run and neither horse beat, then it was an even race, and neither party would be entitled to the wager, and each party would have a right to withdraw his deposit from the stakeholder.

In this case the jury must be presumed to have found that Yellow Jacket did not win the race, and that defendant still had the money deposited with him; for everything must be presumed in favor of the regularity of their verdict.

These issues being determined in favor of the plaintiff by the jury, we think he was entitled to judgment.

Judgment is affirmed.